IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PATRICIA A. MALANOS,
Plan Administrator for the Coal Act Benefit Plan,

        Plaintiff,

v.                                        CIVIL ACTION NO.  2:05-cv-00299

BEVERLY WORKMAN,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's motion to stay pending exhaustion of administrative remedies [Docket 9].  Even though the motion is unopposed, the court still must analyze whether a stay is proper.  For the reasons explained herein, the court **FINDS** that a stay is proper and **GRANTS** the plaintiff's motion.

This matter arises out of the defendant's request for employee benefits pursuant to the Coal Act Benefit Plan, which is governed by ERISA.  The defendant, Beverly Workman, participated in the plan as the spouse of Denvil Workman, a retired former employee of CONSOL Energy, Inc.  The plaintiff brought this declaratory judgment action to resolve the defendant's benefits claim.  The plaintiff, however, contends that before a federal court can decide whether Mrs. Workman is entitled to benefits, she is required to exhaust the administrative remedies outlined by the plan.

Although ERISA does not explicitly contain an exhaustion requirement, "an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite" to an ERISA action in federal court for denial of benefits.  *Smith v.*

*Syndor*, 184 F.3d 356, 361 (4th Cir. 1999); *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir. 1989).   Requiring exhaustion of administrative remedies gives force to a plan's provisions for internal dispute resolution.   *Makar*, 872 at 83.   This requirement also "enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions."   *Id*.

If Mrs. Workman exhausts her administrative remedies under the plan's provisions and is unsatisfied with the result, then she may seek review in this court.   Accordingly, the court **GRANTS** the plaintiff's motion and **STAYS** this action pending the exhaustion of administrative remedies.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        December 20, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

-2-